25-3221-JDH

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Special Agent Adam Rayho, being duly sworn, state under oath:

# INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with Homeland Security Investigations ("HSI") assigned to the Boston Field Office and have been employed by HSI since May 2023. My primary responsibility is as a criminal investigator assigned to the Cyber Crimes Group. As a member of the Cyber Crimes Group, I am responsible for conducting investigations involving crimes that have a nexus to the Clearnet or dark web. Prior to becoming a Special Agent, I was a detective with the Nashua, New Hampshire Police Department, and a deputized task force officer (TFO) for HSI. I became a certified police officer in the State of New Hampshire in May 2014 after graduating from the 164th New Hampshire Police Standards and Training Academy. I hold a bachelor's degree in criminal justice, with a minor in computer science and victimology, from Endicott College. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

2. During my career, I have received training in the areas of child sexual exploitation including, but not limited to, possession, distribution, receipt, and production of child pornography, and interstate travel with intent to engage in criminal sexual activity. In the course of investigating crimes related to the sexual exploitation of children, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have been involved in numerous online child sexual exploitation investigations and am very familiar with the tactics used by child pornography offenders who collect child pornographic material and those who seek to exploit.

3. This affidavit is made in support of a complaint and arrest warrant for John GIARRUSSO ("GIARRUSSO") (YOB 1976), for receipt of child pornography, in violation of 18 18 U.S.C. § 2252A(a)(2) (the "Target Offense").

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show simply that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## PROBABLE CAUSE

### The CyberTip Investigation

5. The National Center for Missing and Exploited Children ("NCMEC") is a nonprofit organization that, among other things, strives to help find missing children, reduce child exploitation, and prevent child victimization. NCMEC's CyberTipline is the method through which the public and electronic service providers (ESPs) may report the enticement of children for sexual acts, extra-familial child sexual molestation, child pornography or child sexual abuse material (CSAM), child sex tourism, child sex trafficking, unsolicited obscene materials sent to a child, misleading domain names, and misleading words or images on the internet. [1]

6. In February 2025, Haverhill Police Department (HPD) began investigating a CyberTip from NCMEC that had originated from MediaLab/Kik ("Kik"). Kik is a mobile communications application that I have become familiar with through the course of my work investigating child exploitation crimes.

---

[1] Pursuant to 18 U.S.C. § 2258A, ESPs must report the facts and circumstances of apparent violations of certain federal statutes related to child exploitation, including § 2252A, that are committed with or through the use of their services. Those reports must be made to the CyberTipline ("CyberTip") and must include information related to the identity of the individual who appears to have committed the violations, information related to the geographic location of the individual, information regarding the transmission and discovery of the reported content, and copies of apparent child pornography related to the reported incident.

7.  The CyberTip listed the primary incident type as "Apparent Child Pornography," with an incident time of November 25, 2024, 05:27:49 UTC. According to the CyberTip, Kik reviewed six files uploaded by a certain account, which Kik deemed to be CSAM.

8.  Kik identified a Yahoo email address, screen/username, and display name associated with the reported account (hereinafter, "the SUBJECT ACCOUNT"). Kik also indicated that IP Address 66.30.120.104, Port 55802, assigned on November 25, 2024, 05:24:58 UTC, was associated with the CSAM file uploads through a "login." Investigators later determined that the IP address had been used to access the Kik chat network approximately 300 times between October 30, 2024 and November 27, 2024.

9.  I reviewed the CyberTip files and determined that two meet the federal definition of child pornography.[2] Within the CyberTip, Kik identified these files as being shared by the SUBJECT ACCOUNT within a private chat with another user. The two files are described as follows:[3]

---

[2] The remaining videos involved individuals who I believe were minors, but whose ages I was not able to estimate based on the portions of their bodies visible in the files.

[3] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals. *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause). Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). The children described herein are approximately six to eleven years old – in all events, younger than eighteen. Furthermore, the descriptions of the files here are sufficiently specific as to age and appearance of the alleged children as well as the nature of the sexual conduct pictured in each file, such that the Court need not view the files to find that they depict child pornography. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images*

  a. A 26-second video depicting a male child who, based on his features, body size/structure, and lack of pubic or body hair, appears to be approximately seven to eight years old. The child is standing up with his underwear pulled down around his thighs and his penis exposed. An adult female is sitting in front of the child with her breasts exposed. The male child reaches down and touches the adult female's breasts and then the adult female performs oral sex on the male child.

  b. A 16-second video depicting an adult male and female child who, based on her facial features, body size/structure, and lack of pubic hair, appears to be approximately six to seven years old. The child is lying on her back and is naked from the waist down, only wearing a tank top. The adult male is standing over her with his penis on the child's vagina. The adult male appears to ejaculate on the child's genital area while rubbing his penis on her vagina.

### Identification of Defendant as the SUBJECT ACCOUNT User

10. HPD obtained records from Comcast Cable Communications for the IP Address 66.30.120.104, which identified the subscriber as John GIARRUSSO ("GIARRUSSO") at an address in Haverhill, MA.

11. Within the HPD in-house database, law enforcement observed entries for GIARRUSSO that listed his date of birth as August XX, 1976.[4]

---

to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice"). Where I have included such nonconclusory, sufficiently specific description, this Court need not view the imagery to find that they depict child pornography. Nonetheless, the described imagery is available for review at the Court's request.

[4] The email address associated with the CyberTip included a variation of GIARRUSSO's first

12. Based on an HPD police report in which GIARRUSSO's wife mentioned his employment, several online articles referencing his employment, and the Seabrook, New Hampshire Police Department's website, HPD identified GIARRUSSO as a police officer for the Town of Seabrook, New Hampshire.

13. On February 13, 2025, law enforcement obtained search warrants from the Haverhill District Court for the SUBJECT ACCOUNT and the Yahoo account for the email address associated with the SUBJECT ACCOUNT.

14. Records produced pursuant to the Yahoo search warrant showed the name associated with the account as "Johnny G," date of birth August XX, 1976, and recovery phone number (XXX) XXX-9560. Law enforcement databases identified (XXX) XXX-9560 as being associated with GIARRUSSO.

15. Records produced pursuant to the Kik search warrant included imagery that depict a person who, based on my review of his Massachusetts driver's license and social media accounts, appears to be GIARRUSSO. Some of the files are described below:

    a. Selfie style photograph of GIARRUSSO in a vehicle with a black interior, wearing a blue T-shirt that has green leaves on it. An arm tattoo known to be on GIARRUSSO's body is visible.

    b. Short video of GIARRUSSO standing in front of a white door, wearing a green t-shirt and holding what appears to be a law enforcement badge in his hand, using his fingers to cover part of the badge, such that only "POLICE NH" is visible on the badge. GIARRUSSO can be heard stating "I love blue" in the video. The tattoo on his arm is

---

name and his date of birth in MMDDYY format.

partially showing, as well as a silver watch on the wrist of the arm that is tattooed.

  c. Video of GIARRUSSO apparently in a vehicle, stating, "Yes, it is, baby."

  d. Short video of GIARRUSSO standing in front of a white door, wearing a green t-shirt. He is holding what appears to be a law enforcement badge in his hand, using his fingers to cover part of the badge, such that only "POLICE NH" is visible on the badge. He states "October 8th, 2024" in the video. The tattoo on his arm is partially showing, as well as a silver watch on the wrist of the arm that is tattooed.

### Execution of State Search and Arrest Warrants

16. On February 28, 2025, local law enforcement secured a search warrant for GIARRUSSO's residence and an arrest warrant for GIARRUSSO from Haverhill District Court.

17. On March 3, 2025, HPD and the Massachusetts State Police (MSP) executed the warrants. During the arrest, law enforcement located on GIARRUSSO's person and seized a Samsung cell phone.

18. HPD and MSP conducted an audio recorded interview with GIARRUSSO after he waived his *Miranda* rights. During the interview, among other things, GIARRUSSO was asked if he had ever seen child pornography and he replied, "I don't think so." When investigators asked GIARRUSSO if he was familiar with Kik, he replied, "No, not very." Investigators asked GIARRUSSO, "Not very, or no?" and GIARRUSSO replied, "I've seen it." When asked if he had Kik, GIARRUSSO replied, "No." GIARRUSSO denied that it would be on his phone if his phone was checked. He subsequently stated, "Maybe years ago." When asked how many years ago, GIARRUSSO stated that he did not know, nor did he know his username or how he signed up for Kik. When GIARUSSO invoked his right to counsel, the interview concluded.

6

25-3221-JDH

19. At the home, law enforcement located a green polo t-shirt that appeared to be the same shirt in one of the photographs located in the SUBJECT ACCOUNT, as referenced in paragraph 15.

**Forensic Review of Electronics**

20. Law enforcement also conducted a full file system extraction of the Samsung Galaxy S24+ device that was located on GIARRUSSO. They observed that the phone was associated with a Gmail email address that included a variation of GIARRUSSO's name, as well as artifacts that indicated the Kik application had been used on the phone. Also, a column search for Kik in "Installed Applications" tab showed one artifact with identifier "kik.android" and purchase date of January 29, 2025, 8:04:57 AM(UTC-5). I understand that this signifies that the Kik application was present on the phone as recently as January 2025.

21. An extraction of a Motorola Droid Bionic device located in the garage at GIARRUSSO's residence uncovered artifacts on the device that indicated the Kik application had been used on it. Specifically, there was one installed application artifact tagged for Kik Messenger, which had a purchase date of April 17, 2013 at 8:11:07 PM. Additionally, there were device user artifacts and 14 user accounts artifacts with the username "Johnny Giarrusso" and the Gmail address located on the Samsung. Lastly, there were three searched items artifacts tagged for Kik Messenger, which were associated with the Google Play Store[5] from 2013.

**Information from FBI Detroit**

22. In May 2025, the FBI Detroit Office contacted HPD advising them of information they had related to the SUBJECT ACCOUNT. Specifically, in records obtained from Kik pursuant

---

[5] The Google Play Store is a digital distribution service, operating as the official app store for Android devices, and offering a wide range of apps, games, and digital content.

to a federal search warrant out of the Western District of Michigan, *see* 2:24-mj-101, FBI Detroit observed conversations between a target in their jurisdiction ("Michigan Target") and the SUBJECT ACCOUNT, in which the users discussed the sexual exploitation of children and the Michigan Target distributed CSAM to the SUBJECT ACCOUNT. Portions of the conversations are outlined below.

23. On October 16, 2024, the Michigan Target asks the SUBJECT ACCOUNT "can I see your cock." The SUBJECT ACCOUNT responds, "make it hard" and later writes "Vids? Nudes?" The Michigan Target then sends three files, which I have reviewed and believe contain CSAM. One of the three files is described as follows:

   a. Forty-five second video of a female child who has been identified by law enforcement as between 10 and 11 years old.[6] The female child is initially clothed. As the video progresses, the child removes her clothes displaying her buttocks, anal and vaginal openings. The female child turns around and rubs her vagina.

24. The other two files involve female children who appear to be approximately 8 to 10 years old. In one video, the female child appears to be having sexual intercourse with an adult male and in the second video, an adult male has a female child performing oral sex on him.

25. Immediately following the distribution of the three CSAM files, further conversation ensues where the Michigan Target states, "I'd suck you if you were into that" and the SUBJECT ACCOUNT responds, "Keep showing that stuff and I would be." The Michigan

---

[6] NCMEC runs the Child Victim Identification Program (CVIP), which allows law enforcement agencies to submit CSAM files for verification of whether the subjects in the files have previously been identified by law enforcement around the world. NCMEC classifies the files as "known series" to streamline law enforcement investigation into the trafficking of the imagery and to facilitate victim notification and restitution.

Target then sends two more CSAM files involving the previously identified female child who is between 10 and 11-years-old showing a close up of her vaginal area and buttocks.

26. On October 17, 2024, the SUBJECT ACCOUNT writes, "Make Daddy's cock hard" and the Michigan Target responds, "found some." The Michigan Target then sends five CSAM files, one of which is described as follow:

    a. A nine second video of a female child from the chest up, who based on facial features, body size/structure, and lack of breast development, appears to be approximately 5 to 7 years old. During the video, an adult male ejaculates on the child's face.

27. A review of the Kik chats showed that preceding and following his receipt of CSAM from the Michigan Target on October 16, 2024 and October 17, 2024, the SUBJECT ACCOUNT sends messages from the IP address 66.30.120.104, which, as referenced above, is subscribed to GIARRUSSO at his residence in Haverhill.

*(space intentionally left blank)*

25-3221-JDH

## CONCLUSION

28.     Based on all of the foregoing, I submit that there is probable cause to believe that on various dates in October 2024, John GIARRUSSO knowingly received any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

Respectfully submitted,

_Adam Rayho (by JDH)_
Adam Rayho, Special Agent
Homeland Security Investigations

Sworn via telephone in accordance with Fed. R. Crim. P. 4.1 on August 13, 2025

_Jessica Hedges_
Honorable Jessica D. Hedges
United States Magistrate Judge